IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MAURICE ANDRE BROADNAX, ) | |
| ) | Civil Action No. 3:05-3252-RBH-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **REPORT AND RECOMMENDATION** |
| & RUTH YANCEY, WARDEN, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner is presently an inmate at FCI-Bennettsville. In November of 2005 he filed a "Request for Nunc Pro Tunc Amended Judgment" in the Western District of Virginia. The Honorable Samuel G. Wilson, United States District Judge, construed the motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transferred it to this District because Broadnax was incarcerated here.[1]

The undersigned issued an order on December 5, 2005, noting that the case was not "in proper form" and that it appeared that petitioner had not exhausted his administrative remedies. Special Interrogatories were sent to petitioner. He responded on December 12, 2005 with a "Request to Hold Writ of Habeas Corpus in Abeyance" in which he concedes that he is in the process of exhausting his administrative remedies with the Bureau of Prisons.

---

[1] The petition challenges the Bureau of Prisons' failure to credit Broadnax with time incarcerated prior to his conviction. Apparently, Broadnax was in state custody and a federal detainer was filed causing him not to be released on state bond. Broadnax argues that the Bureau of Prisons must credit him with time served from the date of the filing of the federal detainer.

In this case, petitioner has not paid the filing fee and the petition has not been served. Generally, a petition which contains unexhausted claims should be dismissed. See Pliler v. Ford, 542 U.S. 225, 230 (2004) (stating that "mixed petitions" including unexhausted claims should be dismissed and discussing a "stay-and-abeyance procedure" used by the U.S. District Court in California). It is recommended that petitioner's motion to hold his petition in abeyance be denied and that the petition be dismissed without prejudice to allow petitioner to exhaust his claim.

                          Respectfully submitted,

                          s/Joseph R. McCrorey
                          United States Magistrate Judge

March 8, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
